**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD S. WALKER**<br>86250 Mine Road<br>Hopedale, Ohio 43976<br><br>*On behalf of himself and all others similarly situated,*<br><br>and<br><br>**DOMINIC A. CAPCINO**<br>16021 Falling Meadows Lane<br>Charlotte, North Carolina 28273<br><br>*On behalf of himself and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>**GEMMA POWER SYSTEMS, LLC**<br>c/o Statutory Agent<br>Corporation Service Company<br>1160 Dublin Road<br>Suite 400<br>Columbus, Ohio 43215<br><br>Defendant. | **CASE NO.**<br><br>**JUDGE**<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

Now comes Plaintiffs, Richard Walker ("Walker" or "Plaintiff Walker") and Dominic Capcino ("Capcino" or "Plaintiff Capcino") (collectively "Plaintiffs"), through counsel, and for their Complaint against Gemma Power Systems, LLC ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of misclassifying Plaintiffs and other similarly-situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they work over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. Walker is a citizen of the United States and a resident of Harrison County, Ohio.

5. At all times relevant herein, Walker was an employee within the meaning of 29 U.S.C. § 203(e).

6. Capcino is a citizen of the United States and resident of Mecklenburg County, North Carolina.

7. At all times relevant herein, Capcino was an employee within the meaning of 29 U.S.C. § 203(e).

8. At all times relevant herein, Defendant maintained its headquarters in Glastonbury, Connecticut, and conducted business throughout several states, including Ohio, and in this District and Division.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant is an engineering, procurement, and construction company. The company builds combined cycle and simple cycle gas turbine plants, biomass projects, solar facilities, wind farms, biofuel plants and environmental facilities. Defendant also provides operations and maintenance services for its completed facilities.

15. Defendant is a wholly-owned subsidiary of Argan, Inc.

16. Defendant performs its business throughout Ohio.

17. Walker was employed by Defendant from approximately November 2022 to August 2024, and again from February 2024 to December 2025.

18. Walker and other similarly-situated employees were employed by Defendant as "Safety Coordinators."

19. Capcino was employed by Defendant between approximately October of 2019 to August of 2024.

20. Capcino and other similarly-situated employees were employed by Defendant as "Field Engineers."

21. Walker and Capcino were employed by Defendant at its Trumbull Energy Center Project in Lordstown, Ohio.

22. Other similarly-situated employees were employed by Defendant in the same or similar capacities throughout Ohio.

23. Walker, Capcino, and other similarly-situated Safety Coordinators and Field Engineers were paid a salary wage, and were classified by Defendant as "exempt" from the FLSA's overtime requirements.

24. The primary duty of Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers was manual work.

25. Capcino, Walker, and other similarly-situated salaried Safety Coordinators and Field Engineers did not engage in management.

26. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers did not customarily and regularly direct the work of two or more other employees.

27. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers did not have the authority to hire or fire other employees and their suggestions and/or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

28. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers did not perform office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers.

29. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers did not exercise discretion and independent judgment with respect to matters of significance.

30. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

31. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers did not perform work that required invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

32. Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers were required to regularly work over 40 hours a week, but Defendant failed to pay them overtime compensation for the hours they worked over 40 in a workweek.

33. Defendant knowingly and willfully failed to pay Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers overtime compensation for the hours they worked over 40 in a workweek. For example, Walker complained about the lack of overtime compensation to his supervisors orally and in writing on multiple occasions, yet Defendant willfully maintained its unlawful policy.

34. Defendant also utilizes a rounding system in computing payroll, under which it purports to compensate Plaintiffs and similarly situated employees for time worked beyond 40 hours in a workweek. In practice, however, this rounding system results in the systematic underreporting of hours worked and the additional denial of overtime premiums. Defendant neither acknowledges nor compensates Plaintiffs for all hours worked over 40 in a workweek.

35. For example, when Plaintiffs worked up to 44 hours in a workweek, Defendant's rounding policy requires Plaintiffs and other similarly situated employees to record their time as 40 hours, thereby denying them compensation for the actual time worked. Plaintiffs routinely worked well over 60 hours per week, yet are not permitted to record their full time, nor are they paid overtime premiums for any time worked over 40 hours in a workweek.

36. Defendants rounding system is used in such a manner that it has resulted, over a period of time, in the failure to compensate Plaintiffs and all similarly situated Safety Coordinators and Field Engineers properly for all time they have actually worked and a denial of overtime premiums.

37. Defendant failed to make, keep and preserve records of the hours worked by Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers.

38. As a result of Defendant's record-keeping practices, the work performed by Walker, Capcino, and other similarly-situated salaried Safety Coordinators and Field Engineers is unrecorded in Defendant's time and earnings records.

**COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiffs bring Count I of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

40. Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees. Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and for which Plaintiffs are themselves members. The 216(b) classes consist of:

(1) All former and current salaried Safety Coordinators employed by Gemma Power Systems, LLC in Ohio at any time between March 23, 2023 and the present (the "Safety Coordinator class")

(2) All former and current salaried Field Engineers employed by Gemma Power Systems, LLC in Ohio at any time between March 23, 2023 and the present (the "Field Engineer class).

41. Plaintiffs are unable to state at this time the exact size of the potential classes, but upon information and belief, aver that they each consist of at least twenty persons.

42. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representatives of those other employees and are acting on behalf of their interests as well as their own interests in bringing this action.

43. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**COUNT ONE**

**(Fair Labor Standards Act Violations)**

44. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of misclassifying Plaintiffs and other similarly-situated salaried Safety Coordinators and Field Engineers as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

46. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated salaried Safety Coordinators and Field Engineers overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

47. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated salaried Safety Coordinators and Field Engineers have been damaged in that they have not received wages due to them pursuant to the FLSA.

49. Plaintiffs and other similarly-situated salaried Safety Coordinators and Field Engineers were denied additional overtime compensation based on bonuses that should have been included in the calculation of their regular rates of pay pursuant to the FLSA, 29 U.S.C. § 207 and 29 CFR § 778.209(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and all those similarly situated salaried Safety Coordinators and Field Engineers collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the class they represent actual damages for unpaid overtime compensation;

D. Award Plaintiffs and the class they represent liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiffs and the class;

E. Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

/s/ Jason R. Bristol
Jason R. Bristol (0072989)
jbristol@crklaw.com
3208 Clinton Avenue
1 Clinton Place
Cleveland, Ohio 44113
216-815-9500 [Telephone]
216-815-9500 [Facsimile]

**McCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A.**

/s/ Ann-Marie Ahern
Ann-Marie Ahern (0070020)
ama@mccarthylebit.com
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
216-696-1422 [Telephone]
216-696-1210 [Facsimile]

Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs demand a trial by jury on all eligible claims and issues.

/s/ Jason R. Bristol
One of the Attorneys for Plaintiff